[Cite as *State v. Noonan*, 2026-Ohio-3048.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-260024 |
|  |  | TRIAL NO. | C/24/CRB/18122 |
| Plaintiff-Appellee, | : |  |  |
| vs. | : |  |  |
|  |  | *JUDGMENT ENTRY* |  |
| MARK NOONAN, | : |  |  |
| Defendant-Appellant. | : |  |  |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 8/7/2026.**

**Pursuant to App.R. 30, the clerk is directed to serve upon all parties, or their counsel if represented, a copy of the court's judgment and note such action on the docket.**

**By:**_____
       **Administrative Judge**

[Cite as *State v. Noonan*, 2026-Ohio-3048.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-260024 |
| | | TRIAL NO. | C/24/CRB/18122 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| MARK NOONAN, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 7, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela W. Chang*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} When defendant-appellant Mark Noonan ignored doctors' orders by attempting to get out of bed, a nurse's unwelcomed help ended in an assault. The nurse claimed that, when she tried to return Noonan to bed, he pulled out her hair, slammed her head against a railing, and threw her across the room. Noonan was convicted of assault. He now appeals, raising a manifest-weight challenge arguing that C.M.'s testimony was inconsistent with her injuries. We find no such error and affirm the trial court's judgment.

## I. Factual and Procedural History

{¶2} Noonan was a patient in Bethesda North Hospital. He had been on bed-rest for over a week and was under a strict fluid restriction due to surgery. While in the hospital, Noonan had an altercation with a nurse, C.M., which led to Noonan being charged and tried for assault in violation of R.C. 2903.13.

{¶3} At trial, the State presented C.M. as its sole witness. C.M. testified that she had observed Noonan attempting to get out of bed. C.M. then leaned down to lift Noonan up. Noonan grabbed her head and began pulling her hair. C.M. testified that she grabbed Noonan's arm to get him to let go, but he did not. C.M. testified that Noonan hit her head against the side rail, ripped her hair out, and threw her across the room.

{¶4} C.M. did not recall having any marks or bruising on her face. She testified that as a result of the incident, she had an impingement in her left shoulder, for which she received treatment. She also said that she experienced psychological trauma, such that she can no longer be in the room when a patient acts up. C.M. further testified that she experienced hair loss and that she had a severe headache the next day, which she attributed to the incident.

{¶5}     Through C.M.'s testimony, the State introduced three photos into evidence. The first photo showed a scratch on C.M.'s right thumb. C.M. told the trial court she "probably" got the scratch from her and Noonan's struggle. The second photo showed a hairless patch on the right side of C.M.'s scalp. C.M. again told the trial court that she was missing hair on the right side of her head because Noonan had pulled it out. The third photo showed a bag of hair, which C.M. authenticated as the hair that Noonan had pulled from her head. Sergeant Harris would later testify that he took the photos of C.M.'s thumb and scalp.

{¶6}     On cross-examination, C.M. testified that she reported the incident to Sergeant Harris, but never provided medical records to the State.

{¶7}     Noonan then called Sergeant Harris, who had met with C.M. on the day of the incident. Sergeant Harris testified that he had not noticed any lacerations, bruising, or bleeding on C.M. Sergeant Harris did not document the room where the incident occurred or speak with Noonan.

{¶8}     The trial court found Noonan guilty of assault, explaining that "we're not here on felonious assault; it's any harm, any injury, however slight. Even the hair pulling itself justified an assault here."

## II. Analysis

{¶9}     Noonan's sole assignment of error contends that his conviction was against the manifest weight of the evidence. He argues that the trial court improperly found C.M.'s testimony credible when that testimony did not match the evidence of her injuries.

{¶10}     Under a manifest-weight challenge, the court must look at the State's burden of persuasion in the trial court. *State v. Gibson*, 2023-Ohio-1640, ¶ 8 (1st Dist.); *see State v. Messenger*, 2022-Ohio-4562, ¶ 26. We review the entire record,

weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine whether the trier of fact lost its way and created a manifest miscarriage of justice. *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983); *State v. Reillo*, Slip Opinion No. 2026-Ohio-2701, ¶ 26. We must necessarily assess credibility, where we can do so from the record alone. *State v. Garrett*, 2026-Ohio-49, ¶ 69 (1st Dist.). However, the factfinder observed the witnesses firsthand, so we generally defer to the trial court's assessments on credibility. *Id.* Only in exceptional cases, in which the evidence weighs heavily against the factfinder's decision, will we reverse and grant a new trial. *See Reillo* at ¶ 26, 31-32; *Martin* at 175.

**{¶11}** Under R.C. 2903.13(A), an assault occurs when a person "knowingly cause[s] or attempt[s] to cause physical harm to another." Noonan argues that his conviction was against the manifest weight of the evidence because C.M.'s testimony did not match her injuries. Noonan also briefly argues that the State failed to show that the hair-pulling caused C.M. pain or other physical harm.

### A. C.M.'s Credibility

**{¶12}** Noonan challenges C.M.'s credibility by arguing that her testimony did not match her injuries. The trial court did not articulate its credibility findings or state which actions it deemed to have constituted the assault. However, the court did reference the hair-pulling, stating explicitly that "even hair pulling itself justified an assault here."

**{¶13}** The evidence of C.M.'s injuries supported her allegation that Noonan pulled out her hair. In addition to C.M.'s testimony about the hair-pulling, the record contains two corroborating photos. One photo shows C.M.'s scalp with hair seemingly missing on the right side. Sergeant Harris testified that he took this photo on the date of the incident. Another photo shows a bag of hair, which C.M. testified Noonan had

5

pulled out of her head. There are no obvious wounds or blood in the scalp picture, nor does the hair in the bag appear caked with skin or blood. Nevertheless, the trial court did not lose its way in finding that these photos corroborated, rather than undermined, C.M.'s hair-pulling testimony.

{¶14} But Noonan also points to the lack of any obvious wounds left by the other violence C.M. alleged. He notes that the trial court gave no explanation for why it found C.M.'s hair-pulling claims credible but disbelieved or disregarded the remainder of her account. Thus, Noonan seems to suggest that, even assuming the trial court based its conviction solely on the hair-pulling, the lack of substantiation for C.M.'s other allegations should have vitiated her credibility across the board.

{¶15} A trial court "'may believe all, part or none of witness's testimony.'" *State v. Miller*, 2025-Ohio-4361, ¶ 22 (1st Dist.), quoting *In re J.C.*, 2019-Ohio-4027, ¶ 20 (1st Dist.). Here, there was photographic evidence of a bag of hair and an apparent bald patch, which tended to corroborate hair-pulling testimony. Based on this corroboration, the trial court could have believed C.M.'s testimony that Noonan pulled out her hair, while harboring doubts about her other, more violent allegations. Such a credibility determination is not against the manifest weight of the evidence.

{¶16} Nor did the trial court lose its way in concluding that the bagged hair seen in the photograph had belonged to C.M. Noonan argues that "the hair in the bag . . . does not appear to have the same light brown or possibly gray hairs mixed in that can be seen in" the photograph of C.M.'s scalp. But the photographs were clearly taken in different lighting, such that it is difficult to compare coloration. And even with the differences in lighting, the claimed difference in color is far from obvious. It is certainly not so pronounced that it legally compelled the trial court to discredit C.M.'s testimony that the hair was hers.

### B. Proof of Harm

**{¶17}**  Noonan also briefly argues that C.M. did not testify that the hair-pulling caused her pain, stinging, tenderness, or any other immediate physical effect or physical sensations of harm, so that a conviction based on the hair-pulling alone would be contrary to the evidence.

**{¶18}**  The State alleged that Noonan "knowingly cause[d] physical harm to [C.M.] contrary to and in violation of [R.C.] 2903.13." "Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Even the slightest injury can constitute physical harm. *State v. Cook*, 2021-Ohio-3841, ¶ 11 (1st Dist.), citing *State v. Daniels*, 2018-Ohio-1701, ¶ 35-36 (1st Dist.). This court has held that simply inflicting pain is enough to constitute physical harm, regardless of whether it leaves a mark. *See id.*; *accord State v. Hustead*, 83 Ohio App.3d 809, 811 (4th Dist. 1992).

**{¶19}**  Here, there was arguably testimony that C.M. experienced pain as a result of the hair-pulling. C.M. testified that "as a result of this incident," she "had a severe headache the next day." However, C.M. never affirmatively linked this headache to the hair-pulling.

**{¶20}**  But even if C.M. never testified explicitly that the hair-pulling caused her pain, the trial court could still have determined that Noonan caused C.M. physical harm.

**{¶21}**  In some cases, hair-pulling alone—without proof of pain or resulting injury—may not be enough to support a finding of "physical harm." In *State v. Daniels*, 2018-Ohio-1701 (1st Dist.), for example, the victim testified that the defendant pulling her hair did not hurt her. *Id.* at ¶ 7. Without consequent injury or pain, neither this court nor the trial court considered the hair-pulling as grounds for the assault

7

conviction. *See id.* at ¶ 13, 36.

{¶22} But testimony of pain or physical wounds is not *always* necessary to sustain a "physical harm" finding, either. In *State v. Terry*, 2023-Ohio-3131 (1st Dist.), the victim testified that defendant had choked her, but photographs showed no marks on the victim's neck and this court referenced no testimony about the victim's pain. *Id.* at ¶ 14. Nevertheless, we upheld the conviction and the trial court's finding of "physical harm." *Id.* at ¶ 14-15.

{¶23} In this case, Noonan did not simply pull C.M.'s hair—he pulled C.M.'s hair *out*. C.M. testified that she was left with a bald spot, a fact corroborated by the photos. This was therefore unlike the mere hair-pulling in *Daniels*. The force required to pull a significant amount of hair from C.M.'s head—like the act of choking the victim in *Terry*—would obviously have caused pain. *Compare Cleveland v. Watson*, 2020-Ohio-3284, ¶ 35 (8th Dist.) (victim experienced "physical harm" when defendant "'grabbed [her] weave' and was 'swinging [her] back and forth by [her] hair'" (Bracketed text in original.)). Under these facts, the trial court could use its common sense to draw this obvious inference. Thus, even without explicit testimony about C.M.'s pain, the evidence sufficed to prove physical harm.

### III. Conclusion

{¶24} The trial court did not lose its way in finding that Noonan knowingly caused C.M. physical harm by pulling out her hair. We therefore overrule Noonan's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.

8